**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| SHURLONDA EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| STONEWEG US, LLC d/b/a | ) | |
| EASTWOOD CROSSINGS, | ) | |
| | ) | Removed from the Circuit Court of Jackson |
| and | ) | County, Missouri, at Independence, Case |
| | ) | No. 2216-CV17303 |
| VP MAPLE HILLS, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| GREYSTAR MANAGEMENT SERVICES, | ) | |
| LP | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

COME NOW Defendant Stoneweg US, LLC d/b/a Eastwood Crossings ("Defendant Stoneweg") and VP Maple Hills, LLC ("Defendant VP Maple Hills"), by and through the undersigned counsel, Baker Sterchi Cowden & Rice LLC, and with full reservation of all defenses, objections, and exceptions, including but not limited to service, jurisdiction, venue, and statute of limitations, removes the above-captioned matter from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant Stoneweg and Defendant VP Maple Hills state the following:

1

# I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff Shurlonda Eason ("Plaintiff") filed this lawsuit against Defendants Stoneweg, VP Maple Hills, and Greystar Management Services, LP ("Defendant Greystar"), in the Circuit Court of Jackson County, Missouri on or about July 29, 2022, alleging claims for personal injury as a result of a slip and/or trip and fall on the premises of her apartment building on or about January 5, 2021, at Eastwood Crossings, 7000 Crabapple Lane, Kansas City, Missouri 64129, in Jackson County, Missouri. The Petition is included within **Exhibit A**.

2. Defendant Stoneweg was served, through its registered agent, on August 15, 2022.[1]

3. Defendant VP Maple Hills and Defendant Greystar were served, through their respective registered agents, on August 19, 2022.

4. Defendant Greystar consented to removal to federal court on September 14, 2022, and has not yet answered or otherwise entered an appearance. *See* 28 U.S.C. § 1446(b)(2)(A).

5. As required by 28 U.S.C. § 1446(a), a complete copy of all records and proceedings from the Circuit Court of Jackson County, Missouri, including a copy of all process, pleadings, and orders served upon Defendants Stoneweg and VP Maple Hills, are attached as **Exhibit A**.

6. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court, Western Division, embracing the Circuit Court of Jackson County, Missouri, where Plaintiff's Petition is currently pending. *See* 28 U.S.C. § 105.

7. This action is not an action described in 28 U.S.C. § 1445.

---

[1] The state court docket says August 12, 2022. However, this is a clerical error. The Notice of Service reflects that the Sheriff *received* the documents on August 12, 2022, but that the sheriff did not *serve* Defendant Stoneweg's registered agent until August 15, 2022. *See* **Exhibit A**.

8.     Without waiving any objection to service, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because the same has been filed within thirty (30) days of Defendant Stoneweg and Defendant VP Maple Hills being served with the Petition and Summons.

9.     Pursuant to 28 U.S.C. § 1446(d), Defendant Stoneweg and Defendant VP Maple Hills have and/or will file written notice of this removal with the Clerk of the Circuit Court of Jackson County, Missouri on the same date this Notice of Removal is filed, where Plaintiff's Petition is currently pending.

10.     A copy of this Notice of Removal and the written notice of the same have been served upon Plaintiff.

11.     By filing a Notice of Removal in this matter, Defendant Stoneweg and Defendant VP Maple Hills do not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and Defendant Stoneweg and Defendant VP Maple Hills specifically reserve the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

## II.     VENUE AND JURISDICTION

12.     Venue is proper in this Court inasmuch as the above-described action is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Jackson County, Missouri, where the case is currently pending, is a state court within the Western District of Missouri.  Indeed, removal is proper under 28 U.S.C. § 1441 where this Court has original subject-matter jurisdiction over an action.

3

13.     This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the parties' complete diversity of citizenship, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because all other requirements for removal have been satisfied.

### III.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

14.     Plaintiff is alleged as a resident of Jackson County, Missouri, residing at 5220 Oak Leaf Drive, Apt. 12, Kansas City, Missouri 64129, *See* Petition, ¶ 1, **Exhibit A**. Plaintiff is, therefore, a citizen of Missouri for purposes of diversity jurisdiction. *See, e.g.*, *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citation omitted) ("For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous.").

15.     Defendant Stoneweg is a Delaware limited liability company. A limited liability company is deemed a citizen of every state in which any member of the limited liability company is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  Its two members are individuals who reside in the State of Florida.  As such, Defendant Stoneweg is not a citizen of Missouri for purposes of diversity of jurisdiction.  *See* Petition, ¶ 2, **Exhibit A**; Affidavit, ¶¶ 3, 4, **Exhibit B**.

16.     Defendant VP Maple Hills is a Delaware limited liability company. A limited liability company is deemed a citizen of every state in which any member of the limited liability company is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  Defendant VP Maple Hills' sole member is a Delaware limited liability company named Varia US PNW LLC.  The sole member of the latter entity is a Delaware limited liability company named Varia US Holdings LLC.  The foregoing entity's sole member is a Swiss entity named Varia US Properties AG.  As such, Defendant

4

VP Maple Hills is not a citizen of Missouri for purposes of diversity of jurisdiction. *See* Petition, ¶ 3, **Exhibit A**; Affidavit, ¶¶ 5, 6, **Exhibit B**.

17.     Defendant Greystar, based on information and belief, is a Delaware limited partnership. A limited partnership is deemed a citizen of every state in which each of its partners, general and limited, is a citizen. *Blanks v. Cont'l Cement Co.,* No. 4:20-cv-00479-AGF, 2020 U.S. Dist. LEXIS 68777, at *3 (E.D. Mo. Apr. 20, 2020). Based on information and belief, Defendant Greystar's partners are not Missouri residents; thus, Greystar is not a citizen of Missouri for purposes of diversity of jurisdiction. *See* Petition, ¶ 4, **Exhibit A**.

18.     Diversity of citizenship is present inasmuch as Plaintiff is alleged as a resident of Missouri and Defendants are residents of different jurisdictions (*See* Petition, ¶¶ 1- 4, **Exhibit A; Exhibit B**).

19.     Therefore, this action between citizens of different states and jurisdictions is proper in this Court pursuant to 28 U.S.C. § 1332. *See also*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action based on diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

## IV.     THE AMOUNT IN CONTROVERSY IS SATISFIED AND EXCEEDS $75,000

20.     Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

21.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

5

22.     Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

23.     To meet its burden, the defendant must present "some specific facts or evidence" to prove that the amount in controversy exceeds the jurisdictional amount." *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014) (internal citations omitted). This may include "an extensive list of serious and disabling injuries suffered by the plaintiff." *Miller v. CEVA Logistics*, 2008 U.S. Dist. LEXIS 2116, *3 (W.D. Mo. 2008).

24.     As to the amount in controversy, Plaintiff does not provide the specific amount in controversy that she is seeking within her Petition, aside from the fact that she does plead in response to each Count against Defendants that she is seeking the jurisdictional minimum in "an amount in excess of $25,000."  *See* Petition, **Exhibit A**.  In addition, Plaintiff alleges that she "sustained serious and debilitating injuries" that are "permanent, progressive, and continuous in nature," that caused her to sustain medical expenses to date to treat her arm and head, "together with pain and suffering, mental anguish, medical costs, and loss of enjoyment of life" and "is reasonably certain to suffer in the future additional such losses as well as ongoing pain and suffering." *See* Petition, **Exhibit A**.

25.     In addition, Plaintiff, through her counsel, has represented that her past medical bills total over $41,000 with future medical treatment to cost more than $50,000, and has previously sought to resolve her claims for $350,000.  *See* Letter, **Exhibit C**.  A plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to

6

reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (citing *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002)); *Claxton v. Kum & Go, L.C.*, No. 6:14-cv-03385-MDH, 2014 U.S. Dist. LEXIS 165463, at *9 (W.D. Mo. Nov. 26, 2014); *See also Ereth v. GMRI, Inc.*, No. 17-0694-CV-W-FJG, 2017 U.S. Dist. LEXIS 203072, at *4-7 (W.D. Mo. Dec. 11, 2017) (denying a motion to remand where a settlement demand above the jurisdictional minimum showed the presence of jurisdiction).

26. As such, Plaintiff's Petition, representations, and demands described above make clear that based on the amount and type of damages that she is claiming to have incurred as a result of the underlying accident, it is plausible that Plaintiff is seeking damages from Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

27. This civil action is between completely diverse citizens and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case has not been pending for more than a year, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Defendant Stoneweg and Defendant VP Maple Hills reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case. By filing this Notice of Removal, Defendant Stoneweg and Defendant VP Maple Hills do not waive any defense that may be available to them and specifically reserve all such defenses.

WHEREFORE, for the foregoing reasons, Defendant Stoneweg US, LLC and Defendant VP Maple Hills, LLC, remove this action from the Circuit Court of Jackson County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: September 14, 2022

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

By: _____
Joshua S. Davis #58571
100 N. Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000 Main
(314) 345-5055 Facsimile
jdavis@bakersterchi.com

and

Megan Sterchi Lammert, #68420
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121 Main
(816) 472-0288 Facsimile
msterchi@bakersterchi.com
***Attorneys for Defendants***
***Stoneweg US, LLC d/b/a Eastwood Crossings***
***and VP Maple Hills, LLC***

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of September, 2022, the foregoing was filed electronically using this Court's CM/ECF filing system, which sent notification of such filing to all counsel of record and that copies of the same were also sent via U.S. Mail to all counsel of record, postage prepaid, below identified.

> Edelman & Thompson, LLC
> Leah M. Mason, #40942
> 3100 Broadway, Suite 1400
> Kansas City, MO 64111
> Ph: (816) 561-3400
> Fax: (816) 561-1664
> lmason@etkclaw.com
> ***Attorneys for Plaintiff***

Copies of the same were also sent via U.S. Mail, postage prepaid, to the following:

> CT Corporation System
> 120 S. Central Avenue
> Clayton, Missouri 63105
> ***Registered Agent for Greystar Management Services, LP***

The undersigned hereby verifies that an original of this filing was executed by counsel and that the same shall be maintained for a period of not less than the maximum allowable time to complete the appellate process.

/s/