IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHURLONDA EASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-00590-DGK |
| | ) |
| STONEWEG US, LLC d/b/a EASTWOOD CROSSINGS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR SUBSTITUTION

This is a personal injury case. Plaintiff Shurlonda Eason was walking down stairs at an apartment complex when the handrail she was grasping allegedly failed, causing her to fall down the stairs and sustain injuries. Defendants Stoneweg US, LLC and VP Maple Hills, LLC allegedly owned and/or operated the apartment complex where Plaintiff was injured. Plaintiff then sued Defendants in state court, and Defendants removed.

Now before the Court is Plaintiff's amended motion to substitute the bankruptcy trustee as the real party in interest. ECF No. 38. The Court requested additional briefing on whether the bankruptcy trustee should be allowed to be substituted. *See* Order on Various Motions at 2–4, ECF No. 37. The parties have done so.

For the following reasons, Plaintiff's motion is GRANTED.

### Background

On January 5, 2021, Plaintiff sustained injuries when the handrail she was grasping allegedly failed, causing her to fall down flight of stairs. On April 16, 2021, Plaintiff's counsel sent a letter of representation and request for insurance information to Defendant Stoneweg.

On March 8, 2022, Plaintiff filed pro se Chapter 7 bankruptcy, and the case was dismissed without prejudice on March 25, 2022. On April 1, 2022, Plaintiff re-filed her Chapter 7 Bankruptcy, again without the assistance of counsel. In both instances, Plaintiff failed to disclose her personal injury claims against Defendants. Plaintiff's Chapter 7 bankruptcy proceeding was discharged on July 8, 2022.

On April 14, 2022, Plaintiff's counsel served a demand letter on Defendant Stoneweg, and then filed suit against all Defendants on July 29, 2022. Thereafter, Defendants removed the case to this Court. On December 12, 2022, the case proceeded to court-ordered mediation and the Plaintiff's Chapter 7 bankruptcy was brought to the parties' attention. Over Defendants' objections, the Bankruptcy Court re-opened Plaintiff's bankruptcy.

On March 31, 2023, Defendants filed a motion for summary judgment arguing, in part, that Plaintiff lacked standing because she was not the real party in interest. ECF No. 30. Twelve days later, on April 12, 2023, Plaintiff filed a motion to substitute the bankruptcy trustee as the real party in interest. ECF No. 32. The Court denied that motion without prejudice because both parties insufficiently briefed the substitution issue. *See* Order on Various Motions at 2–4. Plaintiff's amended motion is now before the Court.

Between the time Plaintiff's Chapter 7 bankruptcy was re-opened and Defendants filed their motion for summary judgment, Defendants served Plaintiff directly with requests for admissions, and Plaintiff responded.

**Standard**

Federal Rule of Civil Procedure 17(a)(1) states that "every action must be prosecuted in the name of the real party in interest." This requires the plaintiff to "actually possess, under the substantive law, the right sought to be enforced." *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618

2

F.3d 762, 771 (8th Cir. 2010) (citation omitted).[1]  It is well established when a debtor files a Chapter 7 bankruptcy, the bankruptcy trustee becomes the real party in interest.  *See Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126–27 (8th Cir. 1998); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985) (collecting cases).  When a case is not brought by the real party in interest, a district court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  And a "reasonable time" for substitution under Rule 17(a)(3) is calculated from the time an objection is first raised.  *Kuelbs v. Hill*, 615 F.3d 1037, 1043 (8th Cir. 2010) (citation omitted).

Substituting the real party in interest is within the Court's discretion.  *Benacquisto v. Am. Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022).   In making the substitution determination, the Court considers factors such as whether the "plaintiff engaged in deliberate tactical maneuvering, and whether the defendant would be prejudiced by a substitution."  *Breaker v. United States*, 977 F. Supp. 2d 921, 933–34 (D. Minn. 2013) (citations omitted); *Sun Ref. & Mktg. Co. v. Goldstein Oil Co.*, 801 F.2d 343, 345 (8th Cir. 1986) (discussing the prejudice factor); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.").

---

[1] Previously, the Court admonished the parties to "cite controlling authority on substitution from the Supreme Court and Eighth Circuit, especially on the standard that applies to decide the issue." Order on Various Motions at 4.  Neither party has done so.  Plaintiff cites *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230 (S.D. Cal. 2015) and Defendant cites *Hughes v. Auto-Owners Ins. Co.*, No. 11-CV-979 CAS, 2011 WL 2601519 (E.D. Mo. June 30, 2011).  Although both cases point to Rule 17(a), neither case is controlling Eighth Circuit authority.  Yet a cursory search would reveal numerous Eighth Circuit cases discussing substitution under Rule 17(a).  For all future motions, the parties shall cite controlling authority from the Supreme Court and Eighth Circuit before citing persuasive authority.  If no on-point, controlling authority exists, the parties must make an affirmation to that affect in a footnote.

3

## Discussion

The parties agree the bankruptcy trustee is the real party in interest but disagree over whether substitution is appropriate. The parties' arguments center around (1) the timeliness of Plaintiff's motion to substitute, (2) prejudice to Defendants if the bankruptcy trustee is substituted, and (3) whether Plaintiff's non-disclosure of her personal injury claim in her Chapter 7 bankruptcy was inadvertent or deliberate tactical maneuvering. The Court addresses each in turn.

### I. Plaintiff's motion to substitute is timely.

Defendants argue Plaintiff's motion to substitute is untimely because it "came only after being faced with Defendants' Motion for Summary Judgment, pointing out the glaring standing and judicial estoppel issues." Suggestion in Opp'n at 6, ECF No. 39. But summary judgment was Defendants' first objection, and under Rule 17(a)(3) Plaintiff is afforded reasonable time for the real party in interest to be substituted. Plaintiff filed her motion to substitute twelve days after Defendants raised their standing concerns in their motion for summary judgment. Twelve days is more than reasonable under Rule 17(a)(3).

### II. Defendants will not be prejudiced by substitution.

Defendants argue they will be "severely prejudiced" because "Plaintiff presented herself as the real party in interest" and they "were defending themselves against her claims on that basis." Suggestion in Opp'n at 6.

Defendants' argument is unpersuasive. Defendants served discovery on Plaintiff *after* they learned her Chapter 7 bankruptcy had been reopened. Defendants could have objected to Plaintiff not being the real party in interest at that time but chose not to object. Defendants cannot treat Plaintiff as the real party in interest and then argue prejudice from doing so in order to avoid substitution later. This is true where, as here, substituting the real party in interest will not change

the complaint's factual allegations concerning the events or participants. Any discovery served on Plaintiff would have been served on the bankruptcy trustee. Thus, any alleged prejudice occurring between the re-opening of Plaintiff's Chapter 7 bankruptcy and her motion to substitute is without merit.

The thrust of Defendants' prejudice argument, however, is judicial estoppel.[2] But any determination of judicial estoppel at this stage is premature for several reasons. First, pursuant to the scheduling order, any choice of law motions shall be filed on or before May 19, 2023. ECF No. 27 at 6. But no motion or stipulation has been filed identifying what judicial estoppel law should apply in this case. For example, would state law apply because this case is in federal court only under diversity jurisdiction, or would federal law apply because this case involves non-disclosure in a Chapter 7 bankruptcy proceeding? *Compare Spencer v. Annett Holdings, Inc.*, 757 F.3d 790, 797 (8th Cir. 2014) (applying state law judicial estoppel in diversity cases), *with Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (applying federal judicial estoppel in a federal question case involving non-disclosure in a Chapter 13 bankruptcy proceeding). Without the parties addressing what law applies, the Court cannot proceed with a proper analysis of Defendants' judicial estoppel defense.[3]

---

[2] But Defendants do not cite any controlling cases where the court addresses the merits of a judicial estoppel defense before ruling on substitution. The strongest case Defendants cite is *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004). In *Superior Crewboats*, the Fifth Circuit held judicial estoppel barred the plaintiff's personal injury suit and did not address the bankruptcy trustee's substitution claim. But *Superior Crewboats* is distinguishable because there was a developed record on the plaintiff's intent concerning non-disclosure. In *Superior Crewboats*, the plaintiffs claimed their personal injury suit was prescribed and received a no asset discharge in their Chapter 7 bankruptcy but continued pursuing their personal injury claim thereafter. *See Superior Crewboats*, 374 F.3d at 333–35. These facts demonstrated the plaintiff's "non-disclosure of a viable personal injury claim was not inadvertent. . . . [and they] had the requisite motivation to conceal the claim as they would certainly reap a windfall." *Id.* at 335–36. No such record concerning Plaintiff's intent exists here.

[3] For the same reasons, the Court does not take up Defendants' alternative request for relief because it involves a merits inquiry into judicial estoppel. *See* Suggestion in Opp'n at 9 (proposing limited recovery based on judicial estoppel).

5

Second, the factual record is undeveloped on key estoppel issues. For example, assuming federal judicial estoppel applies, one element requires that "the debtor's non-disclosure of the claim must not be inadvertent and must result in the debtor gaining an unfair advantage." *Stallings*, 447 F.3d at 1048. And "judicial estoppel does not apply when a debtor's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court." *Id.* at 1049 (citation and internal quotations omitted). Plaintiff contends she "filed a Chapter 7 bankruptcy without the aid of counsel and proceeded pro se. . . . [and] inadvertently failed to disclose the pending action in her bankruptcy." Suggestions in Supp. at 1, ECF No. 38. Defendants disagree. But the record on Plaintiff's intent concerning non-disclosure is not sufficiently developed. To properly address judicial estoppel, it may be necessary for the parties to take Plaintiff's deposition or engage in other limited discovery on the issue of intent.

Accordingly, in ruling on this motion, the Court does not include Defendants' judicial estoppel defense in weighing prejudice under Rule 17(a). Defendants can raise their judicial estoppel defense in a future motion on a developed record.

**III.**  **Plaintiff did not engage in deliberate tactical maneuvering.**

Plaintiff maintains she filed her Chapter 7 bankruptcy without the aid of counsel, proceeded pro se, and inadvertently failed to disclose this pending action. Although Defendants disagree, they provide no evidence Plaintiff's non-disclosure was "deliberate tactical maneuvering" rather than an inadvertent oversight by a pro se plaintiff. At this stage, because there is no evidence Plaintiff sought to manipulate the judicial process through non-disclosure,[4] substitution of the bankruptcy trustee is appropriate and will not prejudice Defendants.

---

[4] The Court limits this finding to the issue of substitution only. To the extent Plaintiff's intent concerning non-disclosure impacts Defendants' judicial estoppel defense, those determinations will be made in a future motion on a more developed record.

6

**Conclusion**

For the foregoing reasons, Plaintiff's motion to substitute the bankruptcy trustee as the real party in interest is GRANTED.

**IT IS SO ORDERED.**

Date:   November 7, 2023              /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT